SHORES, Justice.
Lomax Killough appeals from a judgment based upon a jury verdict awarding Majid Jahandarfard $2.5 million on a claim against Killough. Majid Jahandarfard filed an eight-count complaint under Alabama Code 1975, § 6-5-391, for the wrongful death of his daughter, Princess, on July 18, 1988. The jury returned its verdict on November 9,1989, and on the same day the trial judge entered a judgment in accordance with the verdict.
Killough filed numerous' post-trial motions setting forth state and federal constitutional objections to an award of punitive damages (we note that in this state wrongful death damages are punitive in nature) and arguing that the judgment was excessive. Killough also requested that the trial court conduct a hearing in accordance with the mandates of Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), to review the judgment and consider remitting it based on excessiveness.
A Hammond hearing was held on January 4, 1990, but the trial court did not rule on any of Killough’s motions; thus, on February 12, 1990, after the motions had been pending for 90 days, they were denied pursuant to Rule 59.1, A.R.Civ.P. The trial court failed to enter a Hammond order concerning the judgment.
Killough and Jahandarfard agree that a remand of this case to the trial court for issuance of a Hammond order is proper. Accordingly, the case is remanded with directions to the trial court to enter an order consistent with Hammond. The trial court shall report its findings, with or without an additional hearing, within 28 days of the release of this opinion. The parties, of course, do not relinquish their respective positions with respect to the other issues raised on appeal. We simply reserve comment on them until the trial court rules on the damages issue.
REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.